**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO**

| | |
|---|---|
| MONIQUE THOMAS, | ) |
|         Plaintiff | ) |
| v. | ) **Case No.:** |
| VALENTINE & KEBARTAS, INC., | ) **COMPLAINT AND DEMAND FOR JURY TRIAL** |
|         Defendant | ) |
| | ) **(Unlawful Debt Collection Practices)** |

## COMPLAINT

MONIQUE THOMAS ("Plaintiff"), by her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against VALENTINE & KEBARTAS, INC. ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the State of Ohio, therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

5. Plaintiff is a natural person residing in Alliance, Ohio.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant is a national debt collection company with corporate headquarters located at 15 Union Street, Lawrence, Massachusetts 01840.

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and sought to collect a consumer debt from Plaintiff.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

10. At all times relevant, Defendant was attempting to collect a student loan debt from Plaintiff allegedly owed to Dell Financial.

11. The alleged debt at issue arose out of transaction, which were primarily for person, family, or household purposes.

12. Between October and November of 2011, Defendant placed repeated harassing telephone calls to Plaintiff's home telephone, in connection to the collection of the alleged student loan debt.

13. Defendant often called Plaintiff multiple times per day.

14. Plaintiff regularly received ten calls per week from Defendant.

15. Plaintiff repeatedly explained to the above representatives that she was unable to make the payments demanded by Defendant's representatives, but that she wished to work with Defendant in order to continue paying the account, and avoid default.

16. Defendant's collectors, including but not limited to "Ms. Williams", "Melissa",

and "Felicia Eton" (phonetic), were regularly rude and hostile to Plaintiff, accusing her of intentionally avoiding her responsibilities.

17. Defendant's accusations and character insults upset Plaintiff and caused her significant frustration, as Plaintiff genuinely wished to make good on her obligation.

18. Defendant's actions as described herein were made with the intent to embarrass, upset, harass, and coerce Plaintiff into paying the alleged debt.

**COUNT I**

19. Section 1692d of the FDCPA prohibits a debt collector from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

20. Defendant violated §1692d of the FDCPA when it placed repeated telephone calls to Plaintiff, calling over ten (10) times weekly, when it was rude and hostile to Plaintiff, when it refused to work with Plaintiff even though she expressed a sincere interest in avoiding defaulting on the account, and when it engaged in other harassing and abusive conduct.

**COUNT II**

21. Section 1692d(2) of the FDCPA prohibits debt collectors from using profound or obscene language the natural consequence of which is to abuse the hearer or the reader.

22. Defendant violated §1692d(2) of the FDCPA when it was rude and hostile to Plaintiff during a telephone conversation.

## COUNT III

23. Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number.

24. Defendant violated §1692d(5) of the FDCPA by causing Plaintiff's telephone to ring repeatedly in connection to the collection of an alleged debt.

## COUNT IV

25. Section 1692f of the FDCPA prohibits a debt collector from using unfair or unconscionable means to collect or attempt to collect a debt.

26. Defendant violated §1692f of the FDCPA when it when it placed repeated telephone calls to Plaintiff, calling over ten (10) times weekly, when it was rude and hostile to Plaintiff, when it refused to work with Plaintiff even though she expressed a sincere interest in avoiding defaulting on the account.

WHEREFORE, Plaintiff, MONIQUE THOMAS, respectfully prays for a judgment as follows:

    a. All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. All attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

    d.    Any other relief deemed appropriate by this Honorable Court.

### **DEMAND FOR JURY TRIAL**

VALENTINE & KEBARTAS, INC., TAKE NOTICE that Plaintiff, MONIQUE THOMAS, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: 07/24/2012        By: /s/ Amy L. Bennecoff
                                  Amy L. Bennecoff, Esq.
                                  Kimmel & Silverman, P.C.
                                  30 E. Butler Avenue
                                  Ambler, PA 19002
                                  215-540-8888
                                  abennecoff@creditlaw.com
                                  Attorney for Plaintiff

PLAINTIFF'S COMPLAINT